UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 2251

------------------------------------------------X

LINDSAY DANIELS,

                Plaintiff,

   -against-

THE CITY OF NEW YORK,
OFFICER ALEJANDRO RIVAS,
DETECTIVE RICHARD BABOOLAL,
SERGEANT FREDY CRUZ,
OFFICER PAUL ARICO,
OFFICER TERRENCE MCGRATH, and
OFFICER BRENDAN REGAN,

                Defendants.

------------------------------------------------X

**COMPLAINT**

JUDGE SULLIVAN

**PLAINTIFF DEMANDS A TRIAL BY JURY**



RECEIVED MAR 25 2015 U.S.D.C. S.D.N.Y.

Plaintiff, Lindsay Daniels, by her attorneys, Reibman & Weiner, as and for her Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff, Lindsay Daniels, was an adult female resident of New York County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant, Alejandro Rivas (Tax 925987), was an adult male employed by the City of New York as a member of the NYPD

assigned to the 33rd Precinct. Upon information and belief, defendant Rivas is currently assigned to the 24th Precinct. Defendant Rivas is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant, Richard Baboolal (Tax 924906), was an adult male employed by the City of New York as a member of the NYPD assigned to the 33rd Precinct. Defendant Baboolal is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant, Fredy Cruz (Tax 915528), was an adult male employed by the City of New York as a member of the NYPD assigned to the 33rd Precinct. Defendant Cruz is sued herein in his official and individual capacities.

6. At all relevant times hereinafter mentioned, defendant, Paul Arico (Tax 903358), was an adult male employed by the City of New York as a member of the NYPD assigned to the 33rd Precinct. Defendant Arico is sued herein in his official and individual capacities.

7. At all relevant times hereinafter mentioned, defendant, Terrence McGrath (Tax 924169), was an adult male employed by the City of New York as a member of the NYPD assigned to the 33rd Precinct. Defendant McGrath is sued herein in his official and individual capacities.

8. At all relevant times hereinafter mentioned, defendant, Brendan Regan (Tax 904868), was an adult male employed by the City of New York as a member of the NYPD assigned to the 33rd Precinct. Defendant Regan is sued herein in his official and individual capacities.

9. At all relevant times herein, each of the defendants were members of the Conditions Unit of the 33rd Precinct of the NYPD.

10. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

11. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the defendant City of New York resides, and where the majority of the actions complained of herein occurred.

12. That the within action was initiated within three years of the accrual of plaintiff's civil rights claims.

## RELEVANT FACTS

13. On March 27, 2012 (the "date of the arrest"), at about 1:30 p.m., plaintiff was lawfully present in front of the apartment building where she resided at that time, at 504 172nd Street, New York, New York (the "scene of the arrest").

14. On the date and time of the arrest, each of the defendants named herein were members of the conditions unit of the 33rd Precinct and were acting together to effectuate unlawful arrests, including the arrest of plaintiff, in and around the area of the scene of the arrest

15. At or about this time, defendant Rivas and another defendant, believed to be either defendant Arico or Regan, arrived in uniform, on duty, and in an NYPD vehicle.

16. Without warning, defendant Rivas exited his vehicle, approached plaintiff without any legal justification or excuse, and illegally searched her by putting his hands inside of her front pants pockets.

17. Upon information and belief, defendants Arico, Regan, Baboolal, and McGrath stood by at various points of the encounter and either observed or were aware of this illegal search, and did nothing to intervene and stop the illegal search and detention of plaintiff by defendant Rivas.

18. Upon information and belief, although plaintiff was arrested by defendant Rivas and another defendant believed to be either Arico or Regan, defendant Baboolal was designated as plaintiff's arresting officer.

19. Plaintiff was not engaged in any suspicious or illegal activity and there was no legal basis or justification for the defendants to approach and detain plaintiff or search her.

20. Without any explanation or justification, defendant Rivas applied handcuffs to plaintiff and arrested her.

21. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

22. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

23. Defendant Rivas and another defendant believe to be either defendant Arico or Regan, then placed plaintiff in their vehicle and transported her to the 33rd Precinct.

24. While at the precinct, defendant Cruz spoke with the plaintiff and did not release her, though he knew her release from the precinct was required by law.

25. In sum, each of the defendants, including defendant Cruz, knew that plaintiff should not have been transferred to Central Booking.

26. Nonetheless, plaintiff was held at the 33rd Precinct for several hours before she was transferred to New York County Central Booking, where she was held for several more hours.

27. Approximately twenty four hours after her arrest, plaintiff was arraigned on a criminal complaint containing false allegations supplied by the defendants, including defendants Baboolal, Rivas, and another defendant believe to be either Arico or Regan, alleging that plaintiff was in possession of marijuana.

28. Some of the allegations contained in the complaint were false and the defendants knew them to be false when they made them.

29. The factual allegations sworn to by the defendants against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff, and to meet arrest quotas for the 33rd Precinct Conditions Unit.

30. Upon information and belief, plaintiff's charges related to this incident were dismissed and sealed.

31. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

32. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

33. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
## AGAINST EACH OF THE INDIVIDUAL DEFENDANTS
## FOR FALSE ARREST
## PURSUANT TO 42 U.S.C. SECTION 1983

34. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

35. At no time did the defendants have any legal basis for arresting or imprisoning plaintiff, or commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

36. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

37. Defendants Rivas and Baboolal provided false allegations in support of plaintiff's arrest and prosecution.

38. Defendants McGrath, Arico, Regan, and Cruz, knowing that these allegations were false, failed to intervene on plaintiff's behalf, and failed to file accurate or corrective statements regarding the illegal and unconstitutional circumstances of plaintiff's arrest and prosecution in order to cover up their own misconduct and the misconduct of their Conditions Unit colleagues.

39. By so doing, each of the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, malicious prosecution, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to

violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

40. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK
## PURSUANT TO *MONELL* AND 42 U.S.C. SECTION 1983

41. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

42. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

43. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

44. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police

authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

45. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

46. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

47. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

d. *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (SD.N.Y.);

h. *Carmody v. City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i. *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent v. City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k. *Smith v. City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l. *Powers v. City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

m. *Dotson v. City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

n. *Nonnemann v. City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o. *Richardson v. City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p. *Barry v. New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

q. *Walton v. Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

r. *White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s. *Ariza v. City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.);

48. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

49. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

50. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

51. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii. On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

v. Such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       March 25, 2015

By: _____
Jessica Massimi (JM-2920)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743